Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Clayton D. Halunen                              James A. Francis
*halunen@halunenlaw.com*              *jfrancis@consumerlawfirm.com*
Melissa Wolchansky                           David A. Searles
*wolchansky@halunenlaw.com*       *dsearles@consumerlawfirm.com*
Charles D. Moore                                John J. Soumilas
*moore@halunenlaw.com*                  *jsoumilas@consumerlawfirm.com*
**HALUNEN LAW**                              **FRANCIS & MAILMAN P.C.**
1650 IDS Center                                   Land Title Building
80 South 8th Street                              100 South Broad Street, 19th Floor
Minneapolis, Minnesota  55402         Philadelphia, Pennsylvania  19110
Telephone: (612) 605-4098                 Telephone: (215) 735-8600
Facsimile: (612) 605-4099                  Facsimile: (215) 940-8000

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SEAN GILBERT DEVRIES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio and California corporation,<br><br>Defendant. | No. 3:16-cv-02953<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sean Gilbert DeVries ("Plaintiff"), by and through his undersigned counsel, alleges the following based upon his own personal knowledge and the investigation of his counsel.

## NATURE OF THE ACTION

1.      This is a consumer class action against Experian Information Solutions, Inc., ("Experian" or "Defendant") for failing to provide consumers with an annual free copy of the information in their credit reporting file ("Credit Report") in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"), the California Consumer Credit Reporting Agencies Act, CIV. CODE § 1785.1 *et seq*. ("CCCRAA"), and California's consumer protection laws.

2.      Defendant deceptively markets that it provides "Free" Credit Reports, as required by the FCRA. To their detriment, when consumers attempt to access their "Free" Credit Reports on Defendant's website, and provide all the identification required by the statute and the Federal Trade Commission ("FTC"), Defendant states that it cannot verify the identity of the consumers and requires them to provide further identification—which often results in a denial of the "Free" Credit Report. However, if consumers agree to pay a fee for their Credit Report, Defendant provides the Credit Report using a less stringent verification standard—one which the consumer usually passes.

3.      Defendant has complicated the process of accessing free consumer Credit Reports in order to purposefully frustrate consumers and thereby induce them to pay to obtain the Credit Reports that they should otherwise be able to obtain for free under the FCRA.

4.      In other words, Defendant fails to uphold its promise of a "Free" Credit Report because Defendant makes it nearly impossible to obtain the "Free" Credit Report. Rather, the Credit Report can only be reasonably obtained if one pays for it.

5.      Plaintiff and the other class members now seek the return of the money they spent to purchase the Credit Reports that should have been free, statutory relief provided under the FCRA, and an injunction preventing Defendant from engaging in the alleged misconduct in the future.

CLASS ACTION COMPLAINT

**THE PARTIES**

6.      Plaintiff is domiciled in San Francisco, California, and is thus a citizen of California. During the applicable liability period, Plaintiff attempted, unsuccessfully, to obtain his "Free" Credit Report through the website www.annualcreditreport.com. Plaintiff was eventually required to pay $10 to receive his Credit Report. Had Defendant not unlawfully withheld Plaintiff's "Free" Credit Report, he would not have paid for his Credit Report.

7.      Defendant Experian Information Solutions, Inc., is an Ohio corporation with its principal offices at 475 Anton Boulevard, Costa Mesa, California 92626. Thus, Defendant is a citizen of Ohio and California.

**JURISDICTION**

**Jurisdiction**

8.      This Court has original subject-matter jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that claims arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

9.      This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Plaintiff's claims arise out of Defendant's conduct within the State of California, including its dissemination of false information regarding access to the "Free" Credit Reports in the State of California.

**Venue**

10.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District, including Defendant's dissemination of false information regarding access to the "Free" Credit Reports.

**Intradistrict Assignment**

11.      Pursuant to Civil L.R. 3-5(b), Plaintiff states that assignment to the San Francisco Division is proper under Civil L.R. 3-2(c) and (d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Francisco County, including Defendant's dissemination of false information regarding access to the "Free" Credit Reports.

## SUBSTANTIVE ALLEGATIONS

**A.      Defendant Is Required to Provide a Free Credit Report to
Plaintiff and the Members of the Class**

12.      Defendant is one of the nationwide credit reporting companies in the United States.[1]

13.      Defendant sells consumer Credit Reports to millions of American consumers annually.

14.      Defendant is a consumer reporting agency ("CRA") that compiles and maintains files on consumers on a nationwide basis and, as such, is regulated by the FCRA. *See* 15 U.S.C. § 1681a(f), (p).

15.      One purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b).

16.      In furtherance of this goal, the FCRA mandates that Defendant, upon request, shall clearly and accurately provide to a consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1). In addition, when the request is made through the FCRA's Centralized Source, Defendant is required provide a consumer with a free copy of their Credit Report each year. 15 U.S.C. § 1681j(a)(1)(A).

17.      The only requirement for a consumer to obtain his or her file disclosure or free report is that the consumer provide "proper identification." 15 U.S.C. § 1681h(a)(1).

18.      The FTC, the agency tasked with overseeing the implementation of the FCRA, has determined that the "proper identification" requirement imposed by the FCRA must be "reasonable," and includes the following examples:

(1) Consumer file match. The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of

---

[1] FED. TRADE COMM'N, *Consumer Information: Free Credit Reports*, CONSUMER.FTC.GOV (Mar. 2013), http://www.consumer.ftc.gov/articles/0155-free-credit-reports.

1  birth.

2  (2) Additional proof of identity. Copies of government issued
3  identification documents, utility bills, and/or other methods of
   authentication of a person's identity which may include, but would
4  not be limited to, answering questions to which only the consumer
   might be expected to know the answer.

5  *See* 12 C.F.R. § 1022.123.

6  19.   Even when a consumer provides proper identification under this standard,

7  Defendant does not supply a free Credit Report to the consumer.

8  **B.   Defendant Requires More Than "Proper Identification" in Order
9        To Obtain a Free Credit Report**

10  20.   Instead of using the standard mandated by law, Defendant purposely complicates

11  the process to induce consumers to pay for what should be a free Credit Report. It does so under

12  the guise of verifying a person's identity. Defendant does this by requiring consumers to answer a

13  series of obscure questions and/or submit a series of identifying documents in the "identification"

14  process.

15  21.    On or about September 3, 2014, and during the applicable liability period, Plaintiff

16  attempted to obtain his free Credit Report from www.annualcreditreport.com, a website operated

17  jointly among Equifax Inc., TransUnion LLC, and Defendant. The website states that it provides:

18  **FREE Credit Reports.**
    Get a free copy of your credit report every 12 months
19  from each credit reporting company.

20  22.   Plaintiff had to fill out an online form which required: his full first name and last

21  name; his middle initial; his current address; a previous address if he had moved within the past

22  two years; his full date of birth (more than just his year of birth); any generational information;

23  and his Social Security number. Plaintiff accurately answered the questions, and thus provided

24  appropriate proof of identity sufficient to obtain his file disclosure and free annual credit report

25  under the FCRA. Upon completion, www.annualcreditreport.com routed Plaintiff to

26  www.annualcreditreport.experian.com, which is controlled solely by Defendant.

27  23.   Once on www.annualcreditreport.experian.com, Plaintiff had to answer additional

28  "identification verifying" questions such as: the names of persons he associates with; last four

5

digits of his checking account; names of persons he has lived with in the last ten years; and trick questions regarding non-existent mortgages.

24.   This information requested of Plaintiff far exceeds the "proper identification" and reasonable appropriate proof of identity standard required by the FCRA and FTC.

25.   Following his electronic submission, Plaintiff immediately received a message from Defendant rejecting his request for his free Credit Report, stating that Defendant could not verify Plaintiff's identity. Defendant requested that Plaintiff furnish further identifying documents, such as: driver's license, state ID card, utility bill, and bank or insurance statement.

26.   In his application, Plaintiff provided to Defendant the proper identification required by the statute and defined by the FTC. As such, Plaintiff met, and in fact exceeded, the standard required by the FCRA for providing proof of identity. However, Defendant did not provide a free Credit Report in response to Plaintiff's request, and rejected the request, purportedly because it could not verify Plaintiff's identity.

27.   In need of his Credit Report, and unable to obtain the mandated free Credit Report from Defendant, Plaintiff visited Defendant's website, www.experian.com. Plaintiff provided Defendant with his first and last name, middle initial, current address, date of birth, any generational information, and Social Security number.

28.   Because his previous request for a free Credit Report had been rejected, Plaintiff was forced to pay Defendant $10.00 to obtain his Credit Report. Though the identification information required from Plaintiff on Defendant's paid site was far less than what was demanded of Plaintiff when visiting the free site, Defendant immediately provided Plaintiff with a copy of his Credit Report upon receipt of the $10.00.

29.   It is Defendant's policy to require more identification from consumers who seek to obtain free Credit Reports than is required under the FCRA. In so doing, Defendant fails to comply with its statutory obligation to provide consumers with a required file disclosure and free Credit Report if they furnish proper identification.

**C.   Defendant Was Motivated by Profit to Frustrate Consumers**

30.   Despite its obligation to provide free Credit Reports to consumers, Defendant is

motivated by profit to unduly complicate the process of obtaining free Credit Reports to stop consumers from receiving free Credit Reports and, instead, compel consumers to pay for the Credit Reports (which involves a much simpler verification process).

31.     Despite its obligations under statute, Defendant fails to provide consumers with the free Credit Reports to which they are entitled and which Defendant promised. Defendant requires consumers to provide more detailed information than is required by statute to frustrate consumers into believing they cannot obtain a free Credit Report, and thus inducing them to purchase a Credit Report. In doing so, Defendant has violated § 1681g and § 1681j of the FCRA.

32.     As a result of Defendant's conduct, Plaintiff and the consumer class members have suffered concrete and particularized injury. In addition to being denied their consumer credit files, which Congress required be disclosed, they were charged money and incurred out-of-pocket losses for vital information that was supposed to be free. This inability to obtain Congressionally mandated information unequivocally confers Article III standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (citing *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25 (1998) (confirming that a group of voters' "inability to obtain information" that Congress had decided to make public is a sufficient injury in fact to satisfy Article III)).

## CLASS ALLEGATIONS

33.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class (the "Class"), defined as all persons in the United States who:

      a)     visited www.annualcreditreport.com or an equivalent website in order to receive a free credit report;

      b)     provided their correct full first and last name, middle initial, current address, year of birth, any generational information, and Social Security number; and

      c)     attempted to access their free annual Experian Credit Report but were rejected or denied due to their failure to answer Experian's additional identification-verifying questions.

Plaintiff also brings this action on behalf of a subclass (the "California Subclass") under the CCCRAA for all California consumers who otherwise fall within the class identified above and

who obtained their consumer file consumer disclosure only after visiting Defendant's website, were able to satisfy the identification questions and paying Defendant a fee. Excluded from the Class are officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, and their legal representatives, heirs, successors, or assigns and any entity in which they have or have had a controlling interest.

34.    At this time, Plaintiff does not know the exact number of Class members, but — given the nature of the claims and the vast number of individuals who are entitled to free Credit Reports — Plaintiff believes the Class members are so numerous that joinder of all members of the Class is impracticable.

35.    There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

a)    whether, despite being provided the requisite proper identification, Defendant improperly rejected Plaintiff's and Class members' requests for a free Credit Report;

b)    whether Defendant's improper rejection of requests has resulted in injury to Plaintiff and the Class members; and

c)    whether Defendant's omission and misrepresentation of material facts in connection with providing free Credit Reports has resulted in injury to Plaintiff and the Class members.

36.    Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, attempted to obtain a free Credit Report in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

37.    Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

38.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Federal Rule of Civil Procedure 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

40.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions could be dispositive of the interests of the Class even though certain Class members might not be parties to such actions.

41.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory relief with respect to the Class as a whole appropriate.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681g(a)**

**On Behalf of the Class**

42.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

43.     Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently failing to provide consumers such as Plaintiff with a disclosure of all information in their consumer files at the time of the request, following the furnishing of proper identification, in violation of 15 U.S.C. § 1681g(a). Specifically, Plaintiff and the Class members provided proper identification as required by 15 U.S.C. § 1681h(a)(1), but were denied the information in their file.

44.     As a result of Defendant's practices, Plaintiff and the Class members have suffered damages in the form of payment of the fees described above.

45.     As a result of Defendant's acts and practices as alleged in this Class Action Complaint, Plaintiff, on behalf of himself and all Class members, seeks actual, statutory, and

punitive damages, in an amount to be proven at trial. Plaintiff, on behalf of himself and all Class members, additionally seeks costs and reasonable attorney's fees.

46.     THEREFORE, Plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681j

### On Behalf of the Class

47.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

48.     Pursuant to 15 U.S.C. §§ 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently failing to provide consumers such as Plaintiff with their free annual credit reports and file disclosures free of charge following the furnishing of proper identification through Centralized Source, in violation of 15 U.S.C. § 1681j. Specifically, Plaintiff and the Class members provided proper identification as required by 15 U.S.C. § 1681h(a)(1), but were denied their free reports and instead required to pay for reports that should have been free of charge.

49.     As a result of Defendant's practices, Plaintiff and the Class members have suffered damages in the form of payment of the fees described above.

50.     As a result of Defendant's acts and practices as alleged in this Class Action Complaint, Plaintiff, on behalf of himself and all Class members, seeks actual, statutory, and punitive damages, in an amount to be proven at trial. Plaintiff, on behalf of himself and all Class members, additionally seeks costs and reasonable attorney's fees.

51.     THEREFORE, Plaintiff prays for relief as set forth below.

## THIRD CAUSE OF ACTION

### Unfair and Unlawful Business Acts and Practices,

### In Violation of Business and Professions Code Section 17200 *et seq.*

### On Behalf of the Class

52.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

53.     The acts of Defendant described above constitute unfair and unlawful business acts

and practices.

54.   In this regard, Defendant's failure to supply free Credit Reports to Plaintiff and the Class members violates Civil Code sections 1785.10 and 1785.15.

55.   Defendant's failure to provide a free Credit Report as promised also represents a breach of contract.

56.   Defendant's conduct also violates the Consumers Legal Remedies Act, CIV. CODE § 1750 *et seq.* ("CLRA"), as detailed below.

57.   As a result of the business practices described above, Plaintiff and the Class members, pursuant to Business and Professions Code section 17203, seek an order enjoining such future conduct on the part of Defendant and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for Defendant's failure to supply Credit Reports as a result of the wrongful conduct of Defendant.

58.   THEREFORE, Plaintiff prays for relief as set forth below.

## FOURTH CAUSE OF ACTION

### Violation of the Consumers Legal Remedies Act – CIV. CODE § 1750 *et seq.*

### On Behalf of the Class

59.   Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

60.   This cause of action is brought pursuant to the CLRA, seeking injunctive and monetary damages.

61.   Defendant's actions, representations, and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

62.   Plaintiff and the Class members are "consumers" as that term is defined by the CLRA. *See* CIV. CODE § 1761(d).

63.   The Credit Reports that Plaintiff and the Class members requested from Defendant were "services" within the meaning of the CLRA. *See id.* § 1761(b).

64.     By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, section 1770(a)(9) and (16) of the CLRA. Specifically, in violation of Civil Code section 1770(a)(9) and (16), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that Defendant advertises services with the intent not to provide them as advertised, as well as misrepresents that the subject of the transaction has been supplied in accordance with a previous representation when it has not.

65.     Plaintiff requests that this Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to Civil Code section 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiff and other members of the Class will continue to suffer harm.

66.     THEREFORE, Plaintiff prays for relief as set forth below.

## FIFTH CAUSE OF ACTION

### Violation of the California Consumer Credit Reporting Agencies Act,

### CIV. CODE § 1785.1 *et seq*.

### On Behalf of the California Subclass

67.     Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference herein.

68.     Plaintiff brings this claim for violation of the CCCRAA individually and on behalf of the California Subclass.

69.     Defendant is a "consumer credit reporting agency" as defined by the CCCRAA. *See* CIV. CODE § 1785.3(d).

70.     Plaintiff and the California Subclass members are "consumer[s]" as defined by the CCCRAA. *See id.* § 1785.3(b).

71.     The above-referenced Credit Reports are "consumer credit reports" as defined by the CCCRAA. *See id.* § 1785.3(c).

72.     Civil Code section 1785.15(c) defines "proper identification" as "that information generally deemed sufficient to identify a person." CIV. CODE § 1785.15(c). The FTC has

determined that the full first and last name, middle initial, current address, year of birth, any generational information, and social security number are sufficient to identify a person. As such, Plaintiff and the California Subclass members have provided the proper identification under Civil Code section 1785.15.

73.     Pursuant to Civil Code section 1785.31, Defendant is liable for violating the CCCRAA by failing to provide Plaintiff and the California Subclass members with their free Credit Reports, after they furnished proper identification, in violation of Civil Code sections 1785.10 and 1785.15. Specifically, Defendant refused to provide Plaintiff and the California Subclass members with their free Credit Reports, after Plaintiff and the California Subclass members furnished proper identification, in violation of Civil Code section 1785.10(a) and (b) and Civil Code section 1785.15(a) and (b).

74.     THEREFORE, Plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff demands judgment as follows:

A.     For an order certifying the proposed Class herein under Federal Rule of Civil Procedure 23; appointing Plaintiff as representative of the Class; and appointing his undersigned counsel as Class counsel;

B.     For a declaration that Defendant is financially responsible for notifying Class members of the pendency of this suit;

C.     For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o;

D.     For an award of statutory damages of $100 to $1,000 per Class member, and punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E.     For an award of punitive damages of $5,000 per Class member under the CCCRAA;

F.     For an award of actual damages pursuant to Civil Code section 1785.31;

G.     For an award of punitive damages pursuant to Civil Code section 1785.31;

H.     For an award of restitution pursuant to Business and Professions Code

sections 17203 and 17535;

I.      For an award of disgorgement pursuant to Business and Professions Code sections 17203 and 17535;

J.      For an injunction prohibiting Defendant from engaging in the above-described conduct in the future;

K.      For injunctive relief under the CCCRAA;

L.      Monetary damages, including but not limited to any compensatory, incidental, or consequential damages in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

M.      Statutory damages in the maximum amount provided by law;

N.      Punitive damages in accordance with proof and in an amount consistent with applicable precedent;

O.      For an order awarding Plaintiff and the Class members the reasonable costs and expenses of suit, including their attorneys' fees; and

P.      For any further relief that the Court may deem appropriate.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Date: June 2, 2016

Respectfully submitted,

**REESE LLP**
By: */s/ Michael R. Reese*
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Clayton D. Halunen
*halunen@halunenlaw.com*
Melissa Wolchansky
*wolchansky@halunenlaw.com*
Charles D. Moore
*moore@halunenlaw.com*
**HALUNEN LAW**
1650 IDS Center

80 South 8th Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

James A. Francis
*jfrancis@consumerlawfirm.com*
David A. Searles
*dsearles@consumerlawfirm.com*
John J. Soumilas
*jsoumilas@consumerlawfirm.com*
**FRANCIS & MAILMAN P.C.**
Land Title Building
100 S. Broad Street, 19th Floor
Philadelphia, Pennsylvania  19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT