UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-02953-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 61 |

On February 24, 2017 I granted Experian Information Solutions, Inc.'s ("ESI") Motion to Compel Arbitration and to Stay plaintiff DeVries's claims regarding ESI's alleged refusal to provide consumers with free credit reports as required by federal law. Dkt. No. 60. DeVries now moves for leave to file a motion for reconsideration on the basis of a subsequent California Supreme Court decision, *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), which he asserts renders ESI's arbitration agreement invalid and unenforceable under California law. Because *McGill* does not alter my prior conclusion that all issues of arbitrability, including arguments that the arbitration agreement is unenforceable as against public policy, must be decided by the arbitrator, DeVries's motion for leave is DENIED.

**LEGAL STANDARD**

Under Civil Local Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court." In moving for leave the moving party must demonstrate two elements: (A) "*reasonable diligence* in bringing the motion"; and (B) "one of the following: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought . . . (2) The emergence of new material facts or a change of law occurring after time of

such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b) (emphasis added).

**DISCUSSION**

DeVries asserts that the court should grant him leave to move for reconsideration because there has been a "material change of law" since the court's prior order. He points to the California Supreme Court's April 6, 2017 decision in *McGill*, in which it held that "a provision in *any* contract—even a contract that has no arbitration provision—that purports to waive, in all fora, the statutory right to seek public injunctive relief under the UCL, the CLRA, or the false advertising law is invalid and unenforceable under California law." *McGill*, 393 P.3d at 94. He asserts that this holding "establishes, as a matter of law, that DeVries's claims for injunctive relief under the CLRA and UCL cannot be compelled to arbitration." Mot. at 4 (Dkt. No. 61).

DeVries's argument is not convincing. As a preliminary matter, he has not attempted to demonstrate reasonable diligence in bringing this motion as required by Local Rule 7-9(b). This alone is fatal to his motion. But even if DeVries could demonstrate diligence, his motion would fail because *McGill* does not change my prior analysis and conclusion that questions of arbitrability must be decided by the arbitrator. As DeVries has not demonstrated diligence or a material change in law, his motion for leave is DENIED.

**I.    DILIGENCE**

DeVries's motion is based entirely on the California Supreme Court's decision in *McGill*, which was published on April 6, 2017. *See McGill*, 393 P.3d 85. He filed this motion on May 23, 2017, 47 days later and 88 days after my prior order compelling arbitration. He offers no explanation for this delay.

ESI's opposition sheds some light on DeVries's conduct during this period. ESI represents that during this time the parties were engaged in proceedings before the American Arbitration Association ("AAA"). Oppo. at 1 (Dkt. No. 62). It further represents that it was copied on a May 3, 2017 letter from the AAA to DeVries indicating that DeVries had failed to satisfy the AAA's administrative filing requirements because he had not filed a "completed demand." *Id.* It reports

2

that the letter set May 18, 2017 as the deadline for DeVries to perfect his arbitration demand to avoid having the AAA close the matter as "not properly filed." *Id.* It believes that DeVries failed to comply with the AAA order. DeVries filed his motion for leave just a few days after this reported AAA deadline.

ESI's opposition indicates that DeVries has not acted diligently in pursuing his arbitration claim and may even be facing a dismissal of his AAA demand for failure to comply with the AAA's rules and order. The timing of his motion for leave suggests that DeVries may be seeking leave as a means of getting around a potential adverse dismissal before the AAA.

DeVries has offered no explanation for his 47 day delay in seeking leave to file a motion for reconsideration on the basis of *McGill* at a time when the parties were supposed to be actively proceeding through arbitration and the AAA deadlines were fast approaching. Given these deadlines, DeVries should have brought a motion for leave on the basis of *McGill* as soon as practicable. Instead, he delayed for over six weeks while, it appears, failing to comply with the basic procedural requirements of the AAA. Since DeVries has not attempted to show diligence, and the information presented by ESI suggests that he has not been diligent, I cannot conclude that DeVries acted with reasonable diligence in bringing this motion. *See Campbell v. City of Milpitis*, No. 13-cv-3817-BLF, 2015 WL 3396809, at *2 (May 22, 2015)(concluding that a party did not exercise reasonable diligence in waiting 58 days to bring a motion for leave while the case was actively proceeding and approaching trial). DeVries's motion is DENIED on this basis.

## II. MATERIAL CHANGE IN LAW

Even if DeVries had acted with reasonable diligence his motion would fail as he has not demonstrated that *McGill* constitutes a material change in law.

In *McGill*, the California Supreme Court considered whether a contract provision that attempts to waive a plaintiff's right to seek public injunctive relief on CLRA, UCL, and FAL claims, in all fora, is unenforceable under California law. *McGill*, 393 P.3d at 90. The court did not independently analyze the arbitration agreement at issue because the parties had agreed that this was what the agreement purported to do. *Id.* It concluded that such an agreement is unenforceable as against public policy and remanded the case to the court of appeal. *Id.* at 94.

3

DeVries notes that his claims against ESI include claims for public injunctive relief under the CLRA and UCL. Mot. at 4. He also notes that the arbitration agreement in ESI's 2016 Terms of Use provides that "[t]he arbitrator may award injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim." *Id.* at 7. He asserts that ESI's arbitration agreement, just like the agreement in *McGill*, purports to waive his right to public injunctive relief in all fora, is unenforceable, and "sounds the death knell for Experian's arbitration clause as a whole." *Id.*

In response, ESI argues that the arbitration agreement does not run afoul of *McGill* because it does not apply to "disputes or claims which under governing law are not subject to arbitration" and will only apply "to the fullest extent permitted by law." Oppo. at 9.

Unlike in *McGill*, there is no agreement between the parties regarding the arbitration agreement's scope and effect and specifically whether it purports to waive DeVries's right to seek public injunctive relief in all fora. As I previously determined, and as the parties' arbitration agreement mandates, "All issues are for the arbitrator to decide, including the scope and enforceability of this arbitration provision." Dkt. No. 60 at 19. With regard to DeVries's specific claims, "whether DeVries's claims fall within the arbitration carve-out and *whether the arbitration agreement violates public policy are for the arbitrator to decide*." *Id.* DeVries's new argument that his claims are non-arbitrable because of the California Supreme Court's decision in *McGill* does not change this conclusion. Whether ESI's arbitration agreement purports to waive DeVries's right to seek public injunctive relief in all fora, and, if so, what impact this has on the enforceability of the arbitration agreement as a whole, is for the arbitrator to decide. In the context of this motion to compel, *McGill* does not constitute a material change in law as it has no impact on my prior conclusion that issues of arbitrability have been delegated to the arbitrator under the parties' arbitration agreement.

DeVries has failed to demonstrate that there has been a material change in law under Civil Local Rule 7-9(b) to justify filing a reconsideration motion. DeVries's motion for leave is DENIED on this basis.

**CONCLUSION**

DeVries has failed to satisfy Civil Local Rule 7-9's requirements for seeking leave to file a motion for reconsideration. He has not demonstrated that he acted with reasonable diligence in bringing this motion and has not demonstrated a material change in law. DeVries's motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: June 1, 2017

William H. Orrick
United States District Judge

5