UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-02953-WHO<br><br>**ORDER RE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 64 |

On May 23, 2017, plaintiff DeVries filed a motion for leave, seeking permission to file a motion for reconsideration of my February 24, 2017 order compelling arbitration. Mot. for Leave (Dkt. No. 61). DeVries's motion asserted that a California Supreme Court case, *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), published on April 6, 2017, was a material change in law that justified reconsideration under Local Rule 7-9(b)(2). *Id.* at 4. I denied DeVries motion for leave, concluding that *McGill* was not a material change in law and did not alter my prior analysis. Order Denying Leave at 4, (Dkt. No. 63). I also denied DeVries's motion on the basis that he had made no attempt to demonstrate reasonable diligence, which is a separate and independent requirement when seeking leave to file a reconsideration motion under Local Rule 7-9(b). *Id.* at 3. In my discussion of diligence I noted that, based on representations from Experian, it appeared that DeVries had failed to comply with the American Arbitration Association ("AAA") deadlines, could be facing dismissal in that forum, and could be bringing a motion for reconsideration to avoid an unfavorable dismissal before the AAA. Order Denying Leave at 2-3.

DeVries now moves for reconsideration of my Order Denying Leave, asserting that Experian's representations and guesses regarding his non-compliance with the AAA deadlines were incorrect. He asserts that he was not receiving correspondence from the AAA and so was

1 unaware that he was supposed to be filing additional documents. Reconsideration Mot. at 2-3

2 (Dkt. No. 64). DeVries asks that I reconsider or correct my prior Order to reflect these facts. *Id.*

3 I am sympathetic to DeVries's desire to correct the perception that he was dilatory in
4 pursuing his claims before the AAA and he has presented convincing evidence that his failure to
5 file required documents in those proceedings was the result of misaddressed correspondence from
6 the AAA. *See* Reese Decl. ¶¶ 9-10 (Dkt. No. 64-1).

7 Nevertheless, this evidence does not justify reconsideration of my Order Denying Leave.
8 My conclusion that reconsideration was inappropriate because DeVries had made no attempt to
9 demonstrate reasonable diligence remains valid: DeVries made no effort to explain why he had
10 waited 47 days after the publication of *McGill* to seek leave, and makes no effort now. More
11 importantly, DeVries's additional evidence regarding his good faith attempts to comply with AAA
12 deadlines does not impact my conclusion that *McGill* is not a material change in law and is
13 therefore not a valid basis for reconsideration. DeVries does not challenge that portion of my
14 Order, which was an independent and dispositive basis for denying DeVries's motion for leave.

15 I therefore acknowledge DeVries's evidence demonstrating that he has attempted to
16 comply with the AAA procedural requirements and DENY his motion for reconsideration.

17 **IT IS SO ORDERED.**

18 Dated: August 8, 2017

William H. Orrick
United States District Judge