UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No. 16-cv-02953-WHO<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 73 |

## INTRODUCTION

Plaintiff Sean Gilbert DeVries brings this putative class action against defendant Experian Information Solutions, Inc. ("Experian"), asserting federal and state law claims arising from Experian's failure to provide consumers with an annual free copy of their credit report. As a result of arbitration proceedings, DeVries's only remaining claims are state law claims for public injunctive relief, restitution, and disgorgement. Experian now moves for judgment on the pleadings, arguing that the injunctive relief remedy provided by DeVries's state law claims is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and that the claims fail because its alleged conduct is expressly authorized by the FCRA and supporting regulations. I hold that the injunctive relief remedy sought in DeVries's state law claims is not inconsistent with the FCRA and is therefore not preempted. DeVries has plausibly stated a claim that Experian acted unreasonably in making it easier for paying consumers to get a credit report than for those who sought the free annual report to which they are entitled by law. Experian's motion for judgment on the pleadings is DENIED.

## BACKGROUND

Experian is a nationwide consumer credit reporting agency ("CRA") that provides millions

of credit reports to American consumers annually. Complaint ("Compl.") ¶¶ 12–14 [Dkt. No. 1]. Pursuant to both federal and California law, CRAs like Experian are required to provide consumers, without charge, one annual credit disclosure upon request. *Id.* at ¶¶ 15–16; *see* 15 U.S.C. § 1681j(a); Cal. Civ. Code § 1785.10(a). Importantly, before obtaining this free annual credit report, a consumer must provide "proper identification,"—i.e., sufficient proof of identity that both enables the respective CRA to match the consumer with their credit file and prevents persons other than the consumer from obtaining unauthorized access to the consumer's credit information. Compl. ¶¶ 17–18; *see* 12 C.F.R. § 1022.123; *see also* 15 U.S.C. § 1681h(a)(1); Cal. Civ. Code § 1785.15(c).

In 2014, DeVries attempted to obtain his free annual credit report at www.annualcreditreport.com, a website Experian jointly operates with Equifax Inc. and TransUnion LLC. Compl. ¶ 21. As part of his free credit report application, DeVries was asked to provide: his full first and last name; middle initial; current address; a previous address if he had moved within the past two years; date of birth; any generational information; and his Social Security number. *Id.* at ¶ 22. He did so. He was then asked additional "identification verifying" questions such as: the names of persons he associates with; the last four digits of his checking account; names of persons he has lived with in the last ten years; and trick questions regarding non-existent mortgages. *Id.* at ¶ 23. Upon providing this information and electronically submitting the application, he immediately received a message from Experian rejecting his free credit report request because it could not verify his identity. *Id.* at ¶ 25. Experian then requested that he furnish further identification documents, such as a copy of his driver's license, state identification card, utility bill, and bank or insurance statement. *Id.*

In need of his credit report, rather than providing this supplemental documentation DeVries navigated to www.experian.com. By simply inputting his first and last name, middle initial, current address, date of birth, any generational information, and Social Security number, he successfully purchased and immediately obtained a credit report for $10.00. *Id.* at ¶¶ 27–28.

On June 2, 2016, DeVries filed this consumer class action against Experian, asserting that Experian intentionally and unreasonably complicated the process of accessing "free" credit

2

1  disclosures in order to frustrate consumers into paying and asserting claims under the FCRA and
2  several California state statutes, including (i) California's Unfair Competition Law, Bus. & Prof.
3  Code § 17200, *et seq.* ("UCL"); (ii) the Consumer Legal Remedies Act, Cal. Civil Code § 1750, *et*
4  *seq.* ("CLRA"); and (iii) California's Consumer Credit Reporting Agency Act, Cal. Civ. Code §
5  1785.1, *et seq.* ("CCRAA"). Compl. ¶¶ 3, 30–31, 43, 48, 53–57, 60–61, 64, 68, 73.

On February 24, 2017, I stayed proceedings and ordered all of DeVries' claims compelled to arbitration. Order Granting Motion to Compel and Motion to Stay [Dkt. No. 60]. While arbitration was underway, and based on the California Supreme Court's freshly-decided April 2017 opinion in *McGill v. Citibank*, 2 Cal. 5th 945 (2017), DeVries filed a motion requesting that all claims be sent back to a court of law. *See* Defendant's Motion for Judgment on the Pleadings ("Mot.") at 12 [Dkt. No. 73]. The arbitrator found that plaintiff's claims under the FRCA were arbitrable. Notice of Arbitrator's Order Sending Certain Claims Back to Court of Law [Dkt. No. 68, Ex. A]. The arbitrator similarly retained jurisdiction over his claims under the UCL, CLRA, and CCRAA, to the extent they sought damages. *Id.* But to the extent the state law claims sought public injunctive relief, restitution and disgorgement, they were returned to this court. *Id.*

Experian now moves for judgment on the pleadings. It argues that the injunctive relief remedy provided by DeVries' state law claims is preempted by the FCRA and that his claims fail because the conduct alleged is expressly authorized by federal law. Mot. at 15–19.

**LEGAL STANDARD**

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) utilizes the same standard as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011). Under both provisions, the court accepts the facts alleged in the complaint as true and must determine whether the facts entitle the plaintiff to a legal remedy. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted). Either motion may be granted only when it is clear that "no relief could be granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v. Shull Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (citations omitted). Dismissal may be based on either the lack of a cognizable

3

legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the well-pleaded facts in a complaint, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

## DISCUSSION

### I. THE FCRA DOES NOT PREEMPT PLAINTIFF'S STATE LAW INJUNCTIVE REMEDIES

Experian asserts that DeVries' state law claims for injunctive relief are preempted because they are inconsistent with the FCRA. Mot. at 18. The FCRA provides:

> Except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, *except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency*."

15 U.S.C. § 1681t(a) (emphasis added).[1]

Experian claims that, because there is no private right of action to seek injunctive relief under the FCRA,[2] any state law claim seeking to provide such remedy is inconsistent with federal

---

[1] Sections (b) and (c) of 15 U.S.C. § 1681t detail specific types of obligations which are preempted. *See* 15 U.S.C. §§ 1681t(b)–(c). Experian does not argue DeVries' state law claims are preempted for falling within either section 1681t(b) or (c); as such, I do not address either section.

[2] Experian's assertion that there is no private right of action to seek injunctive relief under the FCRA is not settled law. The only federal circuit-level case to consider the issue is *Washington v.*

4

law and is preempted. Mot. at 18. DeVries responds that a private claim for injunctive relief under a state statute is not inconsistent with the FCRA. Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings ("Oppo.") at 8 [Dkt. No. 76].

This issue has not been specifically addressed by the circuit courts. The district courts in this Circuit disagree over it. The key to my evaluation of whether preemption applies turns on the weight I afford to *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), where the court addressed whether the FCRA preempts a claim for a violation of a California statute that prohibits furnishing inaccurate information to a CRA. *See id. Gorman* is instructive.

In *Gorman*, the plaintiff brought claims for violations of the FCRA and California Civil Code § 1785.25(a). 584 F.3d at 1169. On petition for rehearing en banc, the defendant argued that private enforcement of § 1785.25(a) was preempted because it was inconsistent with the FCRA's purpose. *Id.* at 1173 n. 35. The court found the argument waived because the defendant did not raise it before the panel. In dicta, the court stated that it would have rejected the argument. *Id.* Citing to the available legislative history and administrative interpretations of the FCRA, the court asserted that "Section 1681t(a) preempts state law 'only when compliance with inconsistent state law would result in a violation of the FCRA.'" *Id.* (citing 16 C.F.R. pt. 600 appx. § 622 ¶ 1, and S.Rep. No. 97–517 at 12 (1969)). Accordingly, "permitting private enforcement of state law obligations that are nearly identical to the FCRA's obligations would not require furnishers to violate the FCRA to comply with state law." *Id.*

Relying on *Gorman*, the Hon. Jacqueline S. Corley held that a state law affirmatively granting a private plaintiff the power to seek injunctive relief is not inconsistent with the FCRA and is not preempted in *Ramirez v. TransUnion, LLC*, 899 F.Supp.2d 941, 947 (N.D. Cal. 2012) (JSC). There, as here, the defendant argued that California state law injunctive relief remedies were inconsistent with those that the FCRA provides. *Id.* Judge Corley held that *Gorman*

---

*CSC Credit Services., Inc.*, 199 F.3d 263, 268-69 (5th Cir. 2000). Although the Ninth Circuit has not formally opined on the issue, the district courts of the Circuit are generally in accord with *Washington* in concluding that equitable relief is not available to private plaintiffs under the FCRA. Because the disposition of this motion does not depend upon the settling of this issue, I do not address the matter.

5

"suggests, if not compels, the conclusion that the additional remedy provision is not inconsistent with the FCRA." *Id.* Further, "compliance with state law—the availability of an injunctive remedy to private litigants—would not result in a violation of federal law. Thus, the availability of the remedy is not inconsistent with the FCRA." *Id.* at 948.

Other district courts within the Ninth Circuit have taken an opposite view. *See, e.g., Quadrant Info. Servs., LLC v. LexisNexis Risk Solutions, Inc.*, No. C 11-6648 SBA, 2012 WL 3155559 at *3 (N.D. Cal. Aug. 2, 2012) ("Although private litigants may maintain a claim for damages under the FCRA, only the [FTC] is empowered by statute to seek equitable relief. . . . As such, this Court has uniformly concluded that a UCL claim for injunctive relief is preempted by the FCRA.") (citations omitted); *Moran v. Screening Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2012 WL 10655744, at *8 (C.D. Cal. Sept. 28, 2012) ("Allowing private litigants to enforce provisions of the FCRA by injunction through a state law vehicle would constitute an end-run around Congress's clear intent that the power to enforce the FCRA must rest with the FTC alone."). Notably, the court in *Roe v. LexisNexis Risk Solutions Inc. et al.*, No. CV 12-6284 GAF, 2013 WL 11246904, at *7 (C.D. Cal. Mar. 19, 2013), found that injunctive relief under state law is preempted by the FCRA, notwithstanding *Gorman*. In distinguishing *Gorman*, *Roe* provided that, unlike the UCL claims at issue before the court, "[*Gorman*] involved the private enforcement provisions of Section 1785.25(a) of the CCRAA, which was explicitly saved from preemption by Congress when it enacted the FCRA." *Id.*

Because *Gorman* provides important guidance, I agree with Judge Corley's thoughtful opinion in *Ramirez*. In enacting the FCRA, the Senate Report provided that "no State law would be preempted [by the FCRA] unless compliance would involve a *violation* of Federal law." S.Rep. No. 97–517 at 8 (emphasis added). Here, allowing a private plaintiff to seek injunctive relief under an affirmative state law grant of that power would not violate any express provision of the FCRA. Moreover, a state law claim for injunctive relief would not impede congressional objectives for the FCRA, an act intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Id.* at 1. Accordingly, to the extent DeVries's UCL, CLRA, and CCRAA claims provide for injunctive relief, they are not

preempted by the FCRA.

**II.  WHETHER THE ALLEGED CONDUCT IS AUTHORIZED BY FEDERAL REGULATIONS CANNOT BE DECIDED ON THE PLEADINGS**

Experian argues that the conduct alleged against it is expressly authorized by the FCRA and supporting regulations.  Mot. at 18; *see also* 12 C.F.R. § 1022.123(b).  It relies particularly on Section 1022.123 of the Code of Federal Regulations, which requires that CRAs develop and implement *reasonable* requirements for what information consumers have to provide as proof of identity for purposes of obtaining their free annual credit disclosure.  12 C.F.R. § 1022.123(a) (emphasis added).  Examples of the types of information that "might" constitute reasonable information requirements for proof of identity include:

> (1) Consumer file match.  The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full nine digits of Social Security number, and/or date of birth.
>
> (2) Additional proof of identity.  *Copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer*.

12 C.F.R. § 1022.123(b) (emphasis added).

Experian asserts that all of DeVries's state law causes of action "are premised on the theory that [Experian] requires consumers to provide more than what the FCRA defines as 'proper identification' in order to obtain their annual free credit disclosure."  Mot. at 18.  According to Experian, the federal regulations expressly contemplate that CRAs may reasonably require consumers to answer questions relating to information only they would know about, and provide copies of identification documents and utility bills as a further method of verifying identity.  *Id.* at 19.

DeVries responds that his state law claims "are not solely premised on the assertion that Experian requires consumers to provide more information than the FCRA requires for proper identification."  Oppo. at 9.  "Instead . . . [DeVries] is alleging that Experian's identity verification requirements with respect to obtaining a free Credit Report are not reasonable, and that Experian subjects consumers seeking their free Credit Reports to a different or more rigorous standard of identity verification than those who pay for them."  *Id.*  According to DeVries, "neither the FCRA

7

nor its attendant regulations authorize (explicitly or otherwise) its imposition of unreasonable identity verifications or its disparate treatment of consumers." *Id.*

In reply, Experian provides that DeVries' Complaint does not actually allege that he purchased a credit report from Experian, or that Experian used different requirements to verify DeVries' identity when he purchased a credit report. Defendant's Reply in Support of Motion for Judgment on the Pleadings at 14 [Dkt. No. 77]. "Instead, [DeVries] alleges that he went to the website www.experian.com, which is operated by a company affiliated with [Experian], ConsumerInfo.com, Inc. ("CIC") . . . and purchased a credit report from CIC for $10." *Id.* According to Experian, CIC is not a CRA, and is not subject to the same FCRA obligations to provide a free annual credit disclosure as Experian. *Id.* "Thus . . . the Complaint does not—and cannot—allege any factual disparity (opposed to mere conclusory allegations) between the way [Experian] verifies a consumer's identity for purposes of providing a free annual credit disclosure and its identity verification procedures for purposes of selling a credit disclosure to the consumer." *Id.*

DeVries alleges that the only requirement for a consumer to obtain his or her file disclosure or free report is that the consumer provide "proper identification." Compl. ¶ 17; *see* 15 U.S.C. § 1681h(a)(1). The FTC, the agency tasked with overseeing the implementation of the FCRA, has determined that the "proper identification" requirement imposed by the FCRA must be "reasonable." 12 C.F.R. § 1022.123(a). Section 1022.123(b) of the Code of Federal Regulations, as quoted above, provides examples of what might constitute reasonable types of information for establishing proof of identity. 12 C.F.R. § 1022.123(b).

When Experian was not able to verify DeVries' identity for the free report, it requested that DeVries provide further identifying documentation, such as an identification card, utility bill, and bank or insurance statement. Compl. ¶ 25. All of the questions asked by Experian, including the request for further identifying documentation such as a utility bill or bank or insurance statement, "might" be "reasonable" under Section 1022.123(b). But the regulation does not create a safe harbor for those activities. 12 C.F.R. § 1022.123(b) (noting that examples of reasonable information are "for illustrative purposes only"); *see also Moreland v. CoreLogic SafeRent LLC*,

8

No. SACV 13–470 AG, 2013 WL 5811357, at *3 (C.D. Cal. Oct. 25, 2013) (finding that identifying documentation is not per se reasonable when consistent with Section 1022.123(b)). As DeVries argues, "neither the FCRA nor its attendant regulations authorize (explicitly or otherwise) its imposition of . . . disparate treatment of consumers." Oppo. at 9. The reasonability of Experian's conduct will depend on many factors, including the basis for treating paying consumers differently than those entitled to a free report (if that is what discovery shows). That cannot be decided on the pleadings. DeVries's UCL, CLRA, and CCRAA claims seeking injunctive relief are sufficiently pleaded to withstand Experian's motion.

## CONCLUSION

For the reasons discussed above, defendant's motion for judgment on the pleadings is DENIED.

**IT IS SO ORDERED.**

Dated: March 22, 2018

William H. Orrick
United States District Judge