UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 16-cv-02953-WHO<br><br>**ORDER RE TAX REPORTING ISSUE**<br><br>Re: Dkt. No. 111 |

The parties have negotiated a settlement agreement but are now at an impasse regarding how Experian Information Solutions, Inc. ("Experian") will be issuing Form 1099s to report to the Internal Revenue Service ("IRS") the amount to be paid to Sean Gilbert DeVries and Ronald Chinitz (collectively "Named Plaintiffs").[1] Under the settlement agreement, Experian agreed to make a single lump sum payment to the Named Plaintiffs through its counsel of record. Separately, the Named Plaintiffs and Plaintiffs' Counsel agreed upon the appropriate allocation of that lump sum as between the Named Plaintiffs and Plaintiffs' Counsel for the work it did on behalf of the putative class and the general public.

Experian argues that it is obligated to issue Form 1099s to each of the two Named Plaintiffs, and Plaintiffs' Counsel for the full lump sum settlement amount called for in the settlement agreement. Plaintiffs contend that the Named Plaintiffs and Plaintiffs' Counsel should be taxed on the amount they actually receive, not the entire lump sum. As an equitable matter,

---

[1] Parties indicate that the settlement in this matter was negotiated in conjunction with a companion matter involving the same claims and same counsel before the Santa Cruz County Superior Court in an action captioned *Ronald Chinitz, on behalf of himself and all others similar situated v. Experian Information Solutions, Inc.*, Case No. 17CV02552.

what plaintiffs want makes sense. The question is whether the tax law allows Experian to do so under the current agreement.

The parties have not provided sufficient analysis for me to decide what tax law requires, but there appears to be a simple solution. If the Named Plaintiffs direct Plaintiffs' Counsel to have separate checks sent to them and to their counsel in the aggregate amount of the settlement, then Experian should do so and issue separate 1099s. If it is necessary to make a non-substantive amendment to the settlement agreement that allocates the proper portions to Named Plaintiffs and Plaintiffs' Counsel in separate checks instead of one lump sum amount to Plaintiffs' Counsel, then do that. In this way, Experian would suffer no harm and the Named Plaintiffs and Plaintiffs' Counsel would be taxed on the amount they will actually receive.

That is what happened in *Johnson v. LPL Fin. Servs.*, 517 F. Supp. 2d 1231 (S.D. Cal. 2007), a case that posed a similar question in an employment lawsuit settlement. Disposing of the lump sum versus separate checks dispute, the court observed that "if a judgment or settlement is entered against Defendant for $300,000, and Attorney and Plaintiff request that Defendant provide Attorney with a check payable to only Attorney for $100,000 for Attorney's fees and provide Plaintiff with a check payable to only Plaintiff for $200,000, Defendant must provide Attorney with a form 1099 in the amount of $100,000 and provide Plaintiff with a form 1099 in the amount of $300,000." *Id.* at 1237.

IT IS HEREBY ORDERED that the parties discuss whether to adopt the suggestion above. If it is unacceptable, Experian shall file a memorandum of no more than five pages by April 8, 2020, explaining why it or any other suggestion that fairly allocates the tax burden is unworkable or otherwise improper. Plaintiffs may respond by memorandum of similar length by April 20, 2020. No reply is allowed absent further court order.

**IT IS SO ORDERED.**

Dated: March 26, 2020

William H. Orrick
United States District Judge

2