Michael R. Reese (State Bar No. 206773)
*mreese@reesellp.com*
Carlos F. Ramirez (admitted *pro hac vice*)
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York  10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

Charles D. Moore (admitted *pro hac vice*)
*moore@halunenlaw.com*
**HALUNEN LAW**
1650 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

James A. Francis (admitted *pro hac vice*)
*jfrancis@consumerlawfirm.com*
John J. Soumilas (admitted *pro hac vice*)
*jsoumilas@consumerlawfirm.com*
**FRANCIS & MAILMAN P.C.**
Land Title Building
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania  19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Counsel for Plaintiff Sean Gilbert DeVries
and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SEAN GILBERT DEVRIES, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendant. | Case No. 3:16-cv-02953-WHO <br><br> **PLAINTIFF DEVRIES' RESPONSE TO COURT'S MARCH 26, 2020 ORDER RE TAX REPORTING ISSUE (DKT. 112)** |

As this Court correctly noted in its Order Re Tax Reporting Issue of March 26, 2020 (Dkt. 112) ("March 26, 2020 Order re Tax"), as an "equitable matter," it "makes sense" for Sean Devries and Ronald Chinitz ("Plaintiffs") to be taxed on "the amount they actually receive" and not on the attorneys' fees and costs that Plaintiffs' Counsel incurred in obtaining significant injunctive relief on behalf of the public. *Id.* at 1-2. Fortunately, there is a simple solution that allows Plaintiffs and Plaintiffs' Counsel to be taxed on the amount they will actually receive and that ensures that Experian meets its tax reporting obligation with respect to its payment of the settlement proceeds. Namely, this Court can order that the settlement proceeds be paid pursuant to a qualified settlement fund ("QSF"). Given that the Parties already agree that the injunctive relief on behalf of the public must be so ordered by this Court, inclusion of a provision for a QSF in that order would be easy and straightforward. Alternatively, the QSF could be established by a separate order.

The QSF is a device commonly ordered by a court to be used for settlements that benefit large groups of persons, such as here. Once the QSF is set up according to the requirements of Section 468B of the Internal Revenue Code ("IRC"), a settling defendant need issue only one IRS Form 1099 for the full settlement amount to the QSF's administrator, a role which Plaintiff Counsel Reese LLP hereby volunteers to fulfill. The obligation to issue additional Form 1099's to any settling plaintiffs then would reside solely with the QSF administrator (instead of the Defendant). Plaintiffs hereby respectfully request that the Court approve the use of the Qualified Settlement Fund structure here.

Finally, we expect that Defendant would agree to such a Court order establishing a QSF here. Indeed, Defendant represented as much to the Court in its Memorandum in Response to the Court's March 26, 2020 Order re Tax (Dkt. 114) ("Defendant's Response") where Defendant stated that "Experian wishes to cooperate and to find a mutually agreeable solution to this issue" and that "Experian is willing to make any and all concessions within the bounds of the law and its reporting obligations to finalize the parties' settlement, and will comply with any order of the Court to that effect." Defendant's Response (Dkt. 114) at 1, 5.

## I. USE OF A QUALIFIED SETTLEMENT FUND IS PROPER HERE

Through the use of a QSF, Defendant would need only issue one IRS Form 1099 to the QSF Administrator (versus the multiple Form 1099s required outside of the QSF context). The way that a QSF works is best explained by Example 9 of Section 6045-5 of the IRC:

> **Example 9. Qualified settlement fund.**
>
> Corporation P agrees to settle for $300,000 a class action lawsuit brought by attorney A on behalf of a claimant class. Pursuant to the settlement agreement and a preliminary order of approval by a court, A establishes a bank account in the name of Q Settlement Fund, which is a qualified settlement fund (QSF) under § 1.468B-1. A is also designated by the court as the administrator of the QSF. Corporation P transfers $300,000 by wire in Year 1 to A, who deposits the funds into the Q Settlement Fund. In Year 2, the court approves an award of attorney's fees of $105,000 for A. In Year 2, Q Settlement Fund delivers $105,000 to A. ***P is required to file an information return under paragraph (a) of this section with respect to A for Year 1 for the $300,000 payment it made to A. The Q Settlement Fund is required to file an information return under section 6041(a) and § 1.468B-2(l)(2) with respect to A for Year 2 for the $105,000 payment it made to A.***

26 C.F.R. § 1.6045-5(f), Ex. 9. Thus, Section 6045-5 of the IRC would allow for Defendant to (i) pay the full settlement amount to the QSF, (ii) issue only one Form 1099 to the QSF Administrator for the full amount, and (iii) fulfill its settlement payment without any further tax-reporting obligations.

Establishment of a QSF here addresses the inequity identified both by this Court in its March 26, 2020 Order re Tax and the United States Supreme Court in *Commissioner v. Banks*, 543 U.S. 426, 438-439 (2005). As stated by the Supreme Court in *Banks,* where a settlement is primarily injunctive relief, or when the attorneys' fees are statutorily awarded, attorney's fees often can exceed a plaintiff's monetary recovery. In such a situation, it would be unfair to treat the attorney's fees and costs as part of the income to the plaintiffs because "[t]reating the fee award as income to the plaintiff . . . can lead ***to the perverse result that plaintiff loses money by winning***." *Id*. at 438 (emphasis added). Furthermore, "it is urged that treating statutory fee awards as income to plaintiffs would undermine the effectiveness of fee-shifting statutes in deputizing plaintiffs and their lawyers to act as private attorneys general." *Banks,* 543 U.S. at 438-439. That "perverse situation" can be avoided here by this Court ordering the establishment of a QSF.

Creating a QSF in this case is straightforward. Section 468B of the IRC merely requires that (i) it be established pursuant to a court order, (ii) to resolve contested or uncontested claims arising out of a tort, breach of contract or violation of law, and (iii) the fund's assets are segregated from the assets of the transferor and any related persons. 26 U.S. Code § 468B(d)(2). Moreover, numerous courts, including courts in this District, have approved of the use of QSFs in the context of settlements by payment of one lump sum, wherein the proceeds thereof are to be divided among attorneys and plaintiffs. *Kress v. PricewaterhouseCoopers LLP*, Case No. 2:08-cv-00965, 2018 WL 1124212, at *12-*14 (E.D. Cal. Jan. 4, 2018); *In re Sony PS3 "Other OS" Litigation*, Case No.: 10-cv-01811, 2017 WL 5598726, at *15-*23 (N.D. Cal. Nov. 21, 2017); *In re Korean Ramen Antitrust Litig.*, No. C-13-04115-WHO, 2016 WL 8188743, at *2 (N.D. Cal. Aug. 22, 2016).

IRC Section 468B's prongs two and three are readily met here because the parties' settlement is intended to resolve claims asserted by Plaintiffs arising out of an alleged violation of law; and, once paid into the QSF, the settlement amount will be segregated from the assets of Defendant and any of its affiliates. Thus, all that is needed to use the QSF structure is an order from this Court (i) approving the use of a QSF, (ii) ordering Plaintiff Counsel to establish an escrow account for receipt of the settlement proceeds pursuant to IRC Section 468B, (iii) designating Reese LLP as the administrator of said QSF, (iv) ordering Defendant to pay the full settlement payment to Reese LLP as administrator of the QSF and (v) ordering Defendant to issue only one Form 1099 in the name of Reese LLP as QSF administrator.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court approve the use of the QSF structure pursuant to Sections 468 and 6045-5 of the IRC for the disbursement of settlement proceeds and enter all necessary orders.

Dated: April 20, 2020

Respectfully submitted,

/s/ *Carlos F. Ramirez*
Carlos F. Ramirez (admitted *pro hac vice*)
*cramirez@reesellp.com*
Michael R. Reese (State Bar No. 20773)
*mreese@reesellp.com*
**REESE LLP**
100 West 93red Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile:  (212) 253-4272

Charles D. Moore (admitted *pro hac vice*)
*moore@halunenlaw.com*
**HALUNEN LAW**
80 South 8th Street
IDS Center Suite 1650
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile:  (612) 605-4099

James A. Francis (admitted *pro hac vice*)
*jfrancis@consumerlawfirm.com*
John Soumilas (admitted *pro hac vice*)
*jsoumilas@consumerlawfirm.com*
**FRANCIS & MAILMAN P.C.**
1600 Market Street, Suite 2510
Philadelphia, Pennsylvania 17110
Telephone: (215) 735-8600
Facsimile:  (215) 940-8000

*Attorneys for Plaintiff Sean Gilbert DeVries*

**CERTIFICATE OF SERVICE**

I, Michael R. Reese, hereby certify that on April 20, 2020, I caused electronic copies of the foregoing document to be served on counsel of record for Defendant in the above-captioned by filing said document on the Court's ECF system.

                                             */s/ Michael R. Reese*
                                             Michael R. Reese