UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>  Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>  Defendant. | Case No. 16-cv-02953-WHO<br><br>**SUBSEQUENT ORDER ON TAX REPORTING ISSUE**<br><br>Re: Dkt. Nos. 114, 115 |

On March 26, 2020, I provided parties with a suggestion on how to solve the disagreement that arose on how Experian Information Solutions, Inc. ("Experian") will be issuing Form 1099s to report to the Internal Revenue Service ("IRS") the amount to be paid to Sean Gilbert DeVries and Ronald Chinitz (collectively "Named Plaintiffs"). Relying on *Johnson v. LPL Fin. Servs.*, 517 F. Supp. 2d 1231 (S.D. Cal. 2007), I suggested that Experian issue separate checks to Named Plaintiffs and Plaintiffs' Counsel in their proper portions, instead of one lump sum amount to Plaintiffs' Counsel. Order on Tax Reporting Issue [Dkt. No. 112].

Experian responds that this suggestion does not necessarily resolve the issue because even if it issues separate checks to Named Plaintiffs and Plaintiffs' Counsel, it is still obligated to issue a Form 1099 to Named Plaintiffs in the full amount of the settlement (including the amount allocated to attorneys' fees). Defendant Experian Information Solutions, Inc.'s Memorandum Regarding Tax-Reporting Dispute [Dkt. No. 114] 3. The court in *Johnson v. LPL Fin. Servs.* came to the same conclusion:

> If separate checks are made out to Attorney and to Plaintiff that are payable to only Attorney and to only Plaintiff respectively, Defendant is required to provide Attorney with a form 1099 in the amount of the check made out to Attorney and provide Plaintiff with a form 1099

> *for the total amount of the judgment* or settlement payment that is includable in Plaintiff's gross income (*including the payment to Attorney*).

517 F. Supp. 2d at 1237 (emphasis added).  However, parties in that case "[did] not dispute that the settlement payment constitutes gross income to the Plaintiff." *Id.* at 1238.  Here, plaintiffs contend that the total settlement amount, which includes attorneys' fees, should not be considered Named Plaintiffs' gross income.[1]

Instead, plaintiffs suggest that I order that the settlement proceeds be paid pursuant to a qualified settlement fund ("QSF") so that Named Plaintiffs and Plaintiffs' Counsel can be taxed on the amount that the will actually receive. Plaintiff DeVries' Response to Court's March 26, 2020 Order RE Tax Reporting Issue ("Plaintiffs Response") [Dkt. No. 115] 1.  They claim that a QSF ensures that Experian meets its tax reporting obligations as well.  By issuing a QSF, Experian would only need to issue one Form 1099 for the full settlement amount to the QSF's administrator. *Id.*  The obligation to issue additional Form 1099's to any settling plaintiffs then would reside solely with the QSF administrator, not Experian. *Id.*

After considering the parties' responses, it seems that this tax-reporting dispute is best resolved by the use of a QSF structure pursuant to Sections 468 and 6045-5 of the Internal Revenue Code for the disbursement of settlement.  If Experian disagrees, IT IS HEREBY ORDERED to submit a reply brief, no more than five pages, explaining why plaintiff's suggestion to adopt the QSF structure in their settlement agreement is improper or otherwise unacceptable.  If Experian does not submit a reply by April 29, 2020, I will assume that the QSF structure is

---

[1] Plaintiffs point to a non-authoritative academic article that highlights the unfairness of taxing plaintiffs for gross recoveries, not the net amount after legal fees. *See* Robert W. Wood, New Taxes on Plaintiff Gross Recoveries, Not Net After Legal Fees, available at https://www.americanbar.org/groups/business_law/publications/blt/2019/11/gross-recoveries/ (2019).

Case 3:16-cv-02953-WHO   Document 116   Filed 04/23/20   Page 3 of 3

1  acceptable and that parties will meet and confer on how to adopt it into their settlement agreement.

2  **IT IS SO ORDERED.**

3  Dated: April 23, 2020

William H. Orrick
United States District Judge

3