Daniel J. McLoon (State Bar No. 109598)
djmcloon@jonesday.com
Kerry C. Fowler (State Bar No. 228982)
kcfowler@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Phone: (213) 489-3939
Fax: (213) 243-2539

Brianne J. Kendall (State Bar No. 287669)
bkendall@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Phone: (949) 851-3939
Fax: (949) 553-7539

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SEAN GILBERT DEVRIES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio and California corporation,<br><br>Defendants. | Case No. 3:16-cv-02953-WHO<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY MEMORANDUM REGARDING TAX-REPORTING DISPUTE** |

## I. INTRODUCTION

On April 23, 2020, the Court issued an order tentatively adopting Plaintiffs' counsel's proposal to establish a qualified settlement fund ("QSF") under 26 U.S.C. § 468B and 26 C.F.R. § 1.6045-5, in order to resolve the parties' tax-reporting dispute. (ECF No. 116.) In doing so, however, the Court invited Experian to submit a reply brief if it disagrees with the proposed QSF settlement structure. (*Id.* at 2:15-16.) While Experian wants to proceed with the settlement and will comply with the Court's ultimate ruling, Plaintiffs' counsel's proposed use of a QSF raises substantial concerns and potential liabilities for Experian. For the reasons explained in more detail below, Experian therefore respectfully objects to Plaintiffs' counsel's proposal to use a QSF in this context.

Specifically, Experian objects to use of a QSF on the following grounds: (1) a QSF settlement structure is designed for use in a certified class action settlement or multi-district litigation ("MDL") settlement—indeed, every case cited by Plaintiffs' counsel involves a certified class action settlement wherein the QSF was used to provide additional time to sort out who is entitled to what—and Experian knows of no authority that would support the use of a QSF in an individual plaintiff settlement such as this; (2) the use of a QSF would require Experian to incur additional costs not agreed to as part of the parties' settlement which is patently unfair to Experian; and (3) based on Experian's research, it seems likely that the Internal Revenue Service ("IRS") would consider use of a QSF in this scenario as an improper attempt at an end-run around the current tax regulations, and may very well impart the whole settlement amount to Plaintiffs[1] under the doctrine of constructive receipt. As a result, Experian may be deemed in violation of its IRS reporting obligations for failing to issue Form 1099s to Plaintiffs in the full amount of the settlement, and/or failing to make a backup withholding in connection with the settlement payment.

Accordingly, if the Court is inclined to proceed with ordering use of a QSF, Experian respectfully requests that the Court order that: (a) Plaintiffs' counsel (Reese LLP; Francis Mailman Soumilas, P.C.; and Halunen Law) are solely responsible for the creation, tax reporting obligations, and costs associated with the QSF; (b) Plaintiffs' counsel shall (i) obtain a private letter ruling from the IRS confirming that

---

[1] Named plaintiff in this action, Plaintiff DeVries, and named plaintiff in a related state-court action, styled *Chinitz v. Experian Information Solutions, Inc.*, Case No. 17CV025 (Santa Cruz Sup. Ct.), Plaintiff Chinitz, are collectively referred to as "Plaintiffs."

Experian is required only to issue Form 1099 to the fund, and will have no obligation to issue Form 1099s to the individual Plaintiffs based on the theory of constructive receipt; and/or (ii) indemnify Experian for any tax liability or penalties levied as a result of Plaintiffs' counsel's proposed settlement structure and reporting; and (c) Experian shall not make a backup withholding in connection with the settlement payment.

## II. EXPERIAN'S OBJECTION TO THE USE OF A QSF

### A. THERE IS NO AUTHORITY FOR USE OF A QSF IN THIS CONTEXT

A QSF settlement structure is designed for use in a certified class action settlement or MDL settlement with multiple potential claimants to provide additional time to sort out who is entitled to what. *See, e.g.*, *In re Zyprexa Prod. Liab. Litig.*, No. MDL NO. 1596, 2007 WL 2340791, at *1 (E.D.N.Y. Aug. 17, 2007); *see also e.g.*, *In re High-tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 12991307, at *3 (N.D. Cal. Mar. 3, 2015). But those circumstances are not present here. Indeed, Plaintiff DeVries in this matter and Plaintiff Chinitz in the related state-court action already know the amount they are to receive under the parties' settlement agreement. (ECF No. 114-1 at ¶ 4.) And Experian knows of no authority that would support the use of a QSF in an individualized settlement with only one plaintiff in each action, such as this. *See* Robert W. Wood, *Be Ready for Post-Settlement Tax Issues*, 45-JUN JTLATRIAL 32, at 36 (June 2009) ("***About the only time you probably should not use a QSF is in a case with only one plaintiff***." (emphasis added)). Critically, the IRS has not authorized use of a QSF in individual settlements or provided guidance regarding how the tax-reporting of such a settlement structure should proceed when the only beneficiaries of the QSF are the individual plaintiffs and plaintiffs' counsel. *See id.*

Every case cited by Plaintiffs' counsel relates to the use of a QSF in a ***certified class action settlement***. (*See* ECF No. 115 at 3:4-10.) That is, each case upon which Plaintiffs' counsel relies approved of a QSF in a certified class action settlement in which it was anticipated that unnamed class members would come forward—in addition to the named plaintiff—to recover from the fund such that additional time was needed to determine who was entitled to what. *See Kress v. PricewaterhouseCoopers LLP*, No. 2:08-CV-00965-TLN-AC, 2018 WL 1124212, *12 (E.D. Cal. Jan. 9, 2018) ("as consideration to the **Class Members** . . . PwC will make the Gross Settlement Payment."

(emphasis added)); *see also In re Sony PS3 "Other OS" Litig.*, No. 10-CV-01811-YGR, 2017 WL 5598726, *15 (N.D. Cal. Nov. 21, 2017) ("In full, complete, and final settlement and satisfaction of the Action and all Released Claims . . . SCEA will pay . . . Valid Claims submitted by ***Settlement Class Members***." (emphasis added)); *see also In re Korean Ramen Antitrust Litig.*, No. C-13-04115-WHO, 2016 WL 8188743, at *1 (N.D. Cal. Aug. 22, 2016) ("Indirect Purchaser Plaintiffs, on behalf of themselves and the Indirect ***Settlement Class Members*** and Samyang Foods Co., Ltd. ('Samyang Korea') entered into a Settlement Agreement . . . to fully and finally resolve the Indirect Settlement Class's claims against Samyang Korea." (emphasis added)).

As such, Plaintiffs' counsel has not identified—and Experian does not know of—any authority that would support the use of a QSF in an individual settlement, such as this.

### B. USE OF A QSF WOULD REQUIRE EXPERIAN TO INCUR ADDITIONAL COSTS NOT CONTEMPLATED BY THE PARTIES' SETTLEMENT

Even if there was authority to support use of a QSF in an individual settlement, it is Experian's understanding that use of a QSF would require Experian to incur additional costs not agreed to as part of the parties' settlement agreement. Specifically, if use of a QSF was ordered, tax regulations require Experian to prepare and submit a "1.468B-3 Statement" to the fund administrator to demonstrate economic performance. *See* Treas. Reg. 1.468B-3(e)(2); *see also* Matthew L. Garretson, *Mechanics of the creation of a 468B fund*, HANDLING HEALTHCARE LIENS, at § 8:4 (Feb. 2013). This statement requires Experian to provide certain information regarding the transfer of assets to the fund and incur the expense—which Experian understands to be in the thousands of dollars—in the statement's preparation. *See, e.g.*, Garretson, HANDLING HEALTHCARE LIENS, at § 8:4. Experian should not be forced to incur an additional expense merely because Plaintiffs wish to be issued Form 1099s for some amount other than the entire settlement amount, in contravention of the IRS reporting requirements.

At bottom, it is patently unfair to place additional burden and expense on Experian merely to facilitate Plaintiffs' counsel's end-run around current tax regulations. There are no aspects of the parties' settlement—other than Plaintiffs' counsel's desire to avoid clear tax regulations—that warrants the parties' use of a QSF. Indeed, there is no unknown number of potential plaintiffs that might make a claim against the fund, and there is no need for additional time to sort out who is entitled to what.

Instead, this is an individual settlement with Plaintiff DeVries in this matter and Plaintiff Chinitz in the related state-court action wherein both recipients have prior knowledge of the amount they will receive under the settlement agreement per their agreement with Plaintiffs' counsel.  (ECF No. 114-1 at ¶ 4.)  Accordingly, there is no need for such a fund to administer a drawn-out settlement claims process, and requiring the use of a QSF in this circumstance would place an additional cost on Experian for which it receives no benefit.

### C.  USE OF A QSF IN THIS CONTEXT LIKELY VIOLATES THE DOCTRINE OF CONSTRUCTIVE RECEIPT

Based on Experian's research, it seems likely that the IRS would consider use of a QSF in this scenario as an improper attempt to make an end-run around the current tax regulations.  Indeed, thus far, the IRS has been silent on permitting use of QSFs in individualized settlements.  *See* Wood, 45-JUN JTLATRIAL 32, at 36 ("***the jury is still out on the question of whether it is permissible to have a QSF [with only one plaintiff], the IRS says it is studying the matter***." (emphasis added)).  And, as such, the IRS may very well impart the whole settlement amount to Plaintiffs under the doctrine of constructive receipt.  *See* Begley, Jr. & Hook, *Qualified Settlement Trusts*, REPRESENTING THE ELDERLY OR DISABLED CLIENT, 2004 WL 377939, at ¶ 16.05 (May 2019) ("At the present time, there is a question whether a [designated settlement fund] and a QSF may be used for single-plaintiff cases or whether their use would constitute 'constructive receipt.'").

Here, because the proposed QSF administrator—*i.e.*, Plaintiffs' counsel—is a non-adverse party to Plaintiffs, and is Plaintiffs' agent, they are not legally independent of Plaintiffs, and Plaintiffs will have control and thus constructive receipt of the monies within the QSF as soon as Experian pays the funds to the administrator.  *See* 26 C.F.R. § 1.451-2; *see also* Robert W. Wood, *What Lawyers Should Know About Taxes, Constructive Receipt, and Structured Fees*, BUS. L. TODAY, 2017-FEB Bus. L. Today 1, at 3 (Feb. 2017) ("lawyers and their clients may ***encounter constructive receipt concerns if they sign legal releases or are otherwise entitled to payments that they then try to delay***." (emphasis added)).  Given that the parties have already executed a settlement agreement in which Experian agrees to make a lump sum payment to Plaintiffs by a check made payable to Plaintiffs' counsel, (ECF No. 114-1 at ¶ 4), Plaintiffs' receipt of the funds through counsel is likely to be perceived as not "subject to

substantial limitations or restrictions," 26 C.F.R. § 1.451-2(a), such that Plaintiffs will have constructively received the entire settlement amount. That is the amount Experian is obligated to report on Form 1099s to Plaintiffs under governing authority. *See e.g., Johnson v. LPL Fin. Servs.*, 517 F. Supp. 2d 1231, 1237 (S.D. Cal. 2007). As a result, it is very likely that Experian may be deemed in violation of its IRS reporting obligations for failing to issue Form 1099s to Plaintiffs for the entire settlement amount, or to make backup withholding with respect to some portion of the settlement payment.

In the event the Court is inclined to proceed with the QSF settlement structure, Experian's concern regarding constructive receipt could be easily remedied by requiring Plaintiffs' counsel to obtain a private letter ruling from the IRS, upon which Experian could conclusively rely, confirming Plaintiffs' counsel's understanding of Experian's tax-reporting obligations in connection with the use of a QSF in this context. *See* Internal Revenue Service, Frequently Asked Questions, https://www.irs.gov/faqs/irs-procedures/code-revenue-procedures-regulations-letter-rulings/code-revenue-procedures-regulations-letter-rulings (Jan. 2, 2020). Alternatively, the Court could order Plaintiffs' counsel to indemnify Experian for any liability or penalties levied by the IRS or state taxing authorities as a result of Plaintiffs' counsel's proposed settlement structure and reporting.

### III.   CONCLUSION

In light of the foregoing risks and potential liabilities that Experian may face as a result of a QSF being used in this context, Experian requests that the Court decline to order a QSF. In the alternative, if the Court is inclined to proceed with ordering the use of a QSF, Experian respectfully requests that the Court's order include provisions clarifying that: (a) Plaintiffs' counsel (Reese LLP; Francis Mailman Soumilas, P.C.; and Halunen Law) are solely responsible for the creation, tax reporting obligations, and costs associated with the QSF; (b) Plaintiffs' counsel shall (i) obtain a private letter ruling from the IRS confirming that Experian is required only to issue a Form 1099 to the fund, and will have no obligation to issue Form 1099s to the individual Plaintiffs based on the theory of constructive receipt; and/or (ii) indemnify Experian for any tax liability or penalties levied as a result of Plaintiffs' counsel's proposed settlement structure and reporting; and (c) Experian shall not make a backup withholding in connection with the settlement payment.

| | | |
|---|---|---|
| 1 | Dated: April 29, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | By: */s/ Kerry C. Fowler* <br> Kerry C. Fowler |
| 4 | | Attorneys for Defendant <br> EXPERIAN INFORMATION SOLUTIONS, INC. |

**PROOF OF SERVICE**

I, Angie Contreras, hereby certify that on April 29, 2020, I caused electronic copies of the foregoing document to be served on counsel of record via filing with the Court's ECF system.

                                                  */s/ Angie Contreras*
                                                  Angie Contreras

NAI-1512912314