UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN GILBERT DEVRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Case No. 16-cv-02953-WHO<br><br>**THIRD ORDER ON TAX REPORTING ISSUE**<br><br>Re: Dkt. Nos. 117, 120, 121 |

On April 23, 2020, I gave defendant Experian Information Solutions, Inc. ("Experian") an opportunity to respond to my order tentatively adopting plaintiffs' counsel's proposal to establish a qualified settlement fund ("QSF") under 26 U.S.C. § 468B and 26 C.F.R. § 1.6045-5, in order to resolve the parties' tax-reporting dispute. Subsequent Order on Tax Reporting Issue [Dkt. No. 116]. Experian continues to object to the use of a QSF because it raises potential liabilities for it. Defendant Experian Information Solutions, Inc.'s Reply Memorandum Regarding Tax-Reporting Dispute ("Experian Reply") [Dkt. No. 117]. I allowed plaintiffs to file a sur-reply to address these concerns. *See* Sur-Reply in Support of Plaintiff DeVries' Opposition to Defendant's Memorandum Regarding Tax-Reporting Issue ("Plaintiffs Sur-Reply") [Dkt. No. 120] 2-3.[1]

Experian argues that the use of a QSF is inappropriate because the structure is designed for use only in a certified class action settlement or multidistrict litigation ("MDL") settlement with multiple potential claimants to provide additional time to sort out who is entitled to what. Experian Reply 3. It contends that the two named plaintiffs here, Sean Gilbert DeVries and

---

[1] On May 11, 2020, Experian filed a motion for leave to respond to plaintiffs' sur-reply. Defendant's Request for Leave to File a Sur-Reply to Plaintiffs' Reply [Dkt. No. 121]. I find that I have sufficient information to make a ruling on whether to order a QSF fund. Experian's request is DENIED.

Ronald Chinitz, already know the amount they are to receive under the parties' settlement agreement but are attempting to use QSF has an end-run around the current tax regulations that would require Experian to issue a Form 1099 to named plaintiffs for the full settlement amount that includes legal fees. *Id.*

Plaintiffs respond with a string cite of cases that have used a QSF structure outside the class action and MDL context. *See* Plaintiffs Sur-Reply 2-3.[2] They also provide examples where the IRS authorized, through issuance of private letter rulings, the use of QSFs in non-class action and non-MDL settlement. *See id.* at 3.[3] It appears that QSFs have been used in individual cases, not just class action settlements and MDL settlements.

Experian next argues that ordering the use of a QSF in this particular case likely violates the doctrine of constructive receipt. Experian Reply 5. Constructive receipt is a tax concept used to determine when a taxpayer has received gross income. *See* Robert W. Wood, *What Lawyers Should Know About Taxes, Constructive Receipt, and Structured Fees*, Bus. L. Today, Feb. 2017, at 1. Under the doctrine, a taxpayer is deemed to have received income for tax purposes when the taxpayer has an unqualified and vested right to receive it; asking for payment later does not change that. *Id.* The idea is to prevent taxpayers from deliberately manipulating their income. *Id.*

---

[2] *See, e.g.*, *Law Offices of La Ley Con John H. Ruiz v. Rust Consulting, Inc.*, 982 F.Supp.2d 1307, 1309 (S.D. Fla. 2013) (using a qualified settlement fund to settle cease and desist orders issued by government bureau against mortgage servicers); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 223 (2d. Cir. 2009) (using a qualified settlement fund in a medical practice case involving a newborn baby); *Henry v. Rizzolo*, Case No. 2:08-cv-00635–PMP–GWF, 2009 WL 10692952, at *1 (D. Nev. Feb. 3, 2009) (using a qualified settlement fund in a personal injury case involving a personal injury case where plaintiff was rendered a quadriplegic); *Volkswagen of America, Inc. v. Superior Court of California, San Francisco County*, 139 Cal.App.4th 1481, 1488 (2006) (using a qualified settlement fund in the context of a Chapter 11 bankruptcy reorganization); *Commodity Futures Trading Commission v. Emerald Worldwide Holdings, Inc.*, No. CV03-8339 AHMEX, 2007 WL 2506456, at *2 (C.D. Cal. Nov. 17, 2003) (using a qualified settlement fund in a regulatory action involving a government agency and a bogus trading firm).

[3] *See, e.g.*, PLR 200546029 (IRS authorized the creation of a QSF that would be used by a company, who had filed for Chapter 11 bankruptcy protection, in order to settle certain claims against it); PLR 201208036 (same); PLR 200533003 (IRS authorized the creation of a QSF for a settlement between certain government entities and a company accused of violating anti-pollution laws; PLR 200213015 (same); PLR 201923010 (IRS authorized the creation of a QSF in a settlement between certain government entities and a company to fund certain "mitigation projects")

1  Because plaintiffs will have "constructively received" the entire settlement amount through
2  the proposed QSF, Experian argues that it may be deemed in violation of its IRS reporting
3  obligation if it fails to issue a Form 1099 to plaintiffs for the entire settlement amount.  Experian
4  Reply 6.  It asserts that this concern could be remedied if I require plaintiffs' counsel to obtain a
5  private letter ruling form the IRS confirming that Experian's tax-reporting obligations in
6  connection with the use of a QSF in this context and/or order plaintiffs' counsel to indemnify
7  Experian for any liability or penalties levied by the IRS or state taxing authorities.  *Id.*

8  Experian's concerns are reasonable.  Although I understand that plaintiffs think it would be
9  unfair to require them to obtain a private letter ruling from the IRS because of the additional
10 expense and time, that is the best solution given that the IRS has not squarely addressed whether a
11 QSF may be used for single-claimant cases or whether their use would constitute "constructive
12 receipt."  *See* Robert W. Wood, *Be Ready for Post-Settlement Tax Issues*, 45-JUN JTLATRIAL
13 32, at 36 (Jun. 2009) ("Although the jury is still out on the question of whether it is permissible to
14 have a QSF in such a case, the IRS says it is studying the matter.").

15 Plaintiffs argue that there is enough authority on the matter that makes it unnecessary for it
16 to obtain a private letter ruling from the IRS.  However, the court decisions and exemplar IRS
17 private letter ruling in another case that they cite merely suggest that QSFs have been used outside
18 the class action and MDL context; this is not enough for me to conclude that it would be
19 appropriate for me to order a QSF be established in this case.

20 As Wood explains in his article, the single-claimant issue has been raised to the IRS
21 multiple times over the years.  *See* Robert N. Wood, *Reprising Single-Claimant Qualified*
22 *Settlement Funds*, WOODCRAFT TAX NOTES, at 1448 (Jun. 23, 2014) *available at*
23 http://woodllp.com/Publications/Articles/pdf/Reprising.pdf.   From 2004 to 2009, the IRS listed
24 the status of single-claimant QSFs on its priority guidance plan, an annual publication in which the
25 IRS announces its priorities for publishing taxpayer guidance.  *Id.* (listing issue as "Guidance
26 under section 468B regarding the tax treatment of a single claimant qualified settlement fund").
27 However, without explanation, in 2009 the issue was removed from the IRS priority guidance
28 plan." *Id.*

3

Because the IRS regulations do not state that the constructive receipt doctrine does not apply to QSFs, the best I have to work with is Wood's opinion that "Congress appears to have intended QSFs to operate as a statutory exception to both the economic benefit and constructive receipt doctrines." I will not order Experian to pay the full settlement amount into a QSF fund in these uncertain circumstances without the appropriate guidance.

As the law stands now, Experian is required to issue a Form 1099 to named plaintiffs in the full amount of the settlement (including the amount allocated to attorneys' fees) even if it issues separate checks to named plaintiffs and plaintiffs' counsel. *See Johnson v. LPL Fin. Servs.*, 517 F. Supp. 2d 1231, 1237 (S.D. Cal. 2007). While Woods and other tax experts have written persuasively about the unfairness of taxing plaintiffs for gross recoveries, not the net amount after legal fees, their suggestions and interpretation of the law are not enough for me to order that use of a QSF fund in this case.

A private letter ruling from the IRS could clear this up. If plaintiffs choose to continue their attempt to use a QSF fund to avoid paying taxes on the full settlement amount, I suggest that they request a private letter ruling from the IRS confirming that Experian is required only to issue a Form 1099 to the QSF fund, and will have no obligation to issue Form 1099s to the individual plaintiffs based on the theory of constructive receipt.[4]

**IT IS SO ORDERED.**

Dated: May 18, 2020

William H. Orrick
United States District Judge

---

[4] Experian also contends that use of a QSF would require it to incur additional costs. Experian Reply 4. Specifically, if use of a QSF was ordered, tax regulations require Experian to prepare and submit a "1.468B-3 Statement" to the fund administrator to demonstrate economic performance; Experian excepts it would take thousands of dollars for it to prepare such a statement. *See* Treas. Reg. 1.468B-3(e)(2); *see also* Matthew L. Garretson, *Mechanics of the creation of a 468B fund*, HANDLING HEALTHCARE LIENS, at § 8:4 (Feb. 2013). Given that I am not ordering the use of a QSF in this case, I need not address this argument. Whether Experian prefers to spend money preparing a 1.468B-3 Statement to conclude this matter to avoid potentially facing greater costs in continuing litigation is a consideration for Experian to consider.